UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONTAE GREEN,

                  Plaintiff,

    v.

REED BURKLIN, *et al.*,

                  Defendants.

Case No. C16-1635-TSZ-JPD

REPORT AND RECOMMENDATION

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

       This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Alontae Green has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has failed to state a cognizable ground for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

REPORT AND RECOMMENDATION - 1

## DISCUSSION

On October 18, 2016, plaintiff presented to this Court for filing a civil rights complaint under § 1983 in which he alleged that Reed Burklin, the attorney appointed to represent him in his ongoing state court criminal proceedings, had not provided adequate representation. (*See* Dkt. 5 at 1, 3.) Plaintiff also asserted that his social worker, Joshua Hicks, failed to ask Mr. Burklin to convey to the prosecutor plaintiff's request that he be considered for mental health court. (*Id*. at 3.) Finally, plaintiff appeared to assert that the King County Superior Court judge who heard his motion to fire his attorney, Judge Spector, improperly denied the motion. (*Id*.) Plaintiff identified Mr. Burklin, Mr. Hicks, and Judge Spector as defendants in his complaint. (*See id*. at 1-3.) Plaintiff requested $1.5 million in damages and he also asked that his lawyer's license to practice law be revoked. (*Id*. at 5.)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated a cognizable ground for relief under § 1983 and, thus, the Court issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 6.) Plaintiff was advised in the Order to Show Cause that resolution of the claims asserted in his complaint would necessarily result in this Court becoming involved in his ongoing state court proceedings, and that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*Id*. at 2, citing *Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff was further advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his ongoing state court criminal proceedings. (*Id*.) Finally, plaintiff was advised that he had not identified any viable defendants in his complaint. (*Id*. at 2-3.) In this regard, plaintiff was advised that neither Mr. Burklin nor Mr. Hicks was properly deemed a state actor

REPORT AND RECOMMENDATION - 2

for purposes of § 1983, and that Judge Spector was immune from liability in this action. (Dkt. 6 at 2-3.)  Plaintiff was granted thirty days to file a response to the Order to Show Cause. (*Id*.)

Plaintiff filed a timely response to the Order to Show Cause on November 9, 2016. (Dkt. 7.)  In his response, plaintiff indicates that if he is unable to sue his attorney, he will instead sue the King County Department of Public Defense, his attorney's employer. (*Id*.)  However, regardless of whether plaintiff attempts to sue his attorney, or the agency which employs the attorney, plaintiff is still seeking to challenge the adequacy of his attorney's representation and neither the attorney nor his employer is properly deemed a state actor for such purposes. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

Plaintiff, in his response, also faults the Court for failing to set forth in the Order to Show Cause all of plaintiff's allegations, in particular his allegation that he was sexually assaulted by his attorney and that his attorney failed to obtain an independent evaluation for plaintiff's competency hearing. (Dkt. 7.)  Plaintiff did allege in his complaint that he was alone with his attorney in an interview room when the attorney "put his hand on my knee and gropped [sic] it in a rubbing manner." (Dkt. 5 at 4.)  Though this incident was obviously distressing to plaintiff, these facts do not establish any violation of a federal constitutional right and, thus, plaintiff's alleged sexual assault claim is not viable in this § 1983 action. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (in order to sustain a civil rights action, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law). To the extent plaintiff complains about his attorney's conduct surrounding the competency

REPORT AND RECOMMENDATION - 3

proceedings, he raises an issue which must be addressed in the context of the criminal proceedings and not in this civil rights action.

Finally, plaintiff acknowledges in his response to the Order to Show Cause that he understands his civil complaint can't go any further while his criminal case is pending, and he therefore asks the Court to keep this matter open because the violation of his constitutional rights has not yet been remedied. However, even after plaintiff's criminal case is resolved, he will still be unable to sue his attorney or his attorney's employer in an action brought under § 1983. It would therefore serve no purpose to hold this action in abeyance pending resolution of plaintiff's state court criminal proceedings.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed with prejudice, prior to service, under § 1915(e)(2)(B)(ii) for failure to state a cognizable ground for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 12, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 16, 2016.**

//

//

//

REPORT AND RECOMMENDATION - 4

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 21st day of November, 2016.

　　　　　　　　　　　　　/s/ James P. Donohue
　　　　　　　　　　　　　JAMES P. DONOHUE
　　　　　　　　　　　　　Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5